**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-11-00150-004-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Heraclio Osorio-Arellanes, | |
| Defendant. | |

This case is set for trial to begin before this Court on February 5, 2019. The Government moves to take the deposition of Rito Osorio-Arellanes, a codefendant of Heraclio Osorio-Arellanes, who pled guilty and served a 96-month sentence imposed by this Court. Rito has been deposed before in March 2018 as a material witness and then released from custody and deported to Mexico. He is beyond this Court's subpoena power.

At the March 2018 deposition, Rito promised to return and testify at this trial. He now resides in Sinaloa, Mexico. He has been provided a telephone by prosecuting attorneys; he has kept in contact with them, and they will make diligent efforts to secure his appearance as a witness at the trial in February 2019. Nevertheless, they believe that he may choose to not appear at the trial. The Government asks the Court to authorize a second deposition pursuant to Federal Rule Criminal Procedure 15(a) in the interests of justice because of Confrontation Clause issues with the first deposition. Rito has

indicated that he will come to the United States for a second deposition, which the Government seeks to conduct on or before December 21, 2018.

When the March 2018 deposition was conducted, Defendant Heraclio Osorio-Arellanes was in custody in Mexico and Mexican authorities would not allow him to participate in the deposition through a live video or audio feed. In short, there was no way to comply with Rule 15(c), which requires that a defendant in custody must be produced at the deposition and kept in the witness's presence during the examination. In fact, Defendant Heraclio objected to the first deposition being taken for the reason that he was in custody in Mexico and could not appear at or otherwise participate in the deposition. This Court found exceptional circumstances because the Government had no avenue to secure Heraclio's presence at the March deposition and ordered the deposition over Defendant's[1] Confrontation Clause objection. (Order (Doc. 722) at 5.)

A second deposition would cure the Confrontation Clause problem because Heraclio is now in custody here and can be produced and kept in the witness's presence during it. Heraclio objects because the Government offers no evidence other than speculation that Rito will not appear as agreed at the trial. But nothing has changed regarding the certainty of Rito's appearing at trial since the Court found the first deposition was appropriate under Rule 15(a). He remains a material witness. He resides in Sinaloa, Mexico, and is not subject to the Court's subpoena power. There is no greater nor any lesser certainty as to whether or not he may choose to return to the United States to testify at Heraclio's trial.

The Court finds that it appears that the testimony of Rito is material in this criminal proceeding, and the Government has shown that it has become impracticable to secure his presence by subpoena. If he were in the United States, this Court could order his arrest, but could not detain him because of an inability to comply with any condition of release if his testimony as a witness could adequately be secured by deposition. 18 U.S.C. 3144. The Court finds that a second deposition of Rito is in the interests of

---

[1] Co-defendant Jesus Rosario Favela-Astorga likewise objected to the March 2018 deposition by joinder.

justice because the Government is now able to produce Heraclio at Rito's deposition and keep him there in Rito's presence during the examination.

Whether or not Rito's deposition may be used at trial will be determined at the time of trial. As noted by the Defendant, the Ninth Circuit recently made it quite clear that the "constitutional preference is for live testimony, not deposition testimony or video, even if live." (Response (Doc. 749) at 2 (citing *United States v. Carter*, ____ F.3d ___, 2018 WL 5726694 (9th Cir. Nov. 2, 2018). In fact, this case cuts in favor of ordering the second deposition because it makes it quite clear that the Confrontation Clause has two equally important parts. One is the right of cross-examination and the other is the defendant's right to physically face the one who testifies against him. *Id.* at *3. And, where there is a violation of the Confrontation Clause a conviction cannot stand, unless the error is harmless. *Id.* at 7. As all parties know, Rito is a most important witness to the prosecution's case because he has firsthand knowledge of the conspiracy's participants, including Heraclio, and the unlawful objective of the rip crew to rob marijuana drug traffickers in December 2010. Here, a Confrontation Clause violation may not be harmless. The second deposition is warranted under Rule 15(a) in the interests of justice.

**Accordingly,**

**IT IS ORDERED** that the Motion to Take Deposition of Rito Osorio-Arellanes (Doc. 748) is GRANTED for his deposition to be taken on or before December 21, 2018.

Dated this 19th day of November, 2018.

Honorable David C. Bury
United States District Judge