1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-11-00150-004-TUC-DCB (BPV) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Heraclio Osorio-Arellanes, | |
| Defendant. | |

The Government asks the Court to reconsider its ruling granting Defendant's Motion to Suppress Evidence for violation of the Sixth Amendment to the United States Constitution. The Defendant has filed a Response, and the Government seeks leave to file a Reply. The Court has reviewed the transcript of record for the interrogation and from the evidentiary hearing on the Defendant's pretrial motions to suppress for violations of both the Fifth and Sixth Amendments. The Court grants the Government's Motion for Reconsideration and denies the Defendant's Motion for Suppression for Sixth Amendment violations.

At the outset, the Court notes that motions to reconsider are appropriate only in rare circumstances: if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or

wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983). The Court grants the Government's Motion for Reconsideration to avoid a manifest injustice.[1] The Court has reviewed the transcript from the interrogation carefully and believes that its interpretation of its tenor was accurate, but what was actually said and what actually happened was that Heraclio asked to have "my attorney" present and when Pimentel arrived, Heraclio did in fact speak with him privately and did in fact answer questions upon the advice and with the assistance of Pimentel. This was enough for the Court to find that there was no violation of the Fifth Amendment. The Court finds the Government's argument persuasive that this must also be enough to satisfy the Sixth Amendment.

The Defendant replies: no, as this Court said the two interests differ and it cannot be true as the Government asserts "that any 'lawyer' such as Pimentel Ramirez, who the government must concede is not admitted to practice in any jurisdiction in the United States, regardless of qualifications, education or experience, can serve the important Sixth Amendment protection of the United States Constitution." (Response (Doc. 788) at 2.) But this is not the Government's argument. On reconsideration, the Government argues that Heraclio chose Pimentel to assist him in his defense. This is consistent with this Court's finding regarding the Fifth Amendment claim. The Court found that the record reflected Heraclio asked for "my attorney" and by his words and actions of proceeding with the assistance of Pimentel, and more so by his lack of any objection or any evidentiary showing that Pimentel was not who he was referring to when he said "my attorney," the Court found the Fifth Amendment satisfied. This same finding must apply to the Sixth Amendment. It was not just any attorney: Heraclio asked for "my attorney" who this Court found was Pimentel. In other words, Heraclio chose Pimentel to be his attorney. This finding of fact must apply equally to both the Fifth and Sixth Amendment analysis.

When Heraclio invoked his right to counsel for his defense, he chose an attorney,

---

[1] The Government is correct that the Court considered issues not urged by the Defendant in his suppression motion, (Motion for Reconsideration (Doc. 787) at 4, 8-10), without affording the Government an opportunity to address these issues except upon reconsideration—which it did by raising the Sixth Amendment right of choice of counsel.

Pimentel. The Supreme Court has held that an erroneous deprivation of a criminal defendant's choice of counsel is a violation of the 6th Amendment right to counsel. *United States v. Gonzalez-Lopez,* 548 U.S. 140 (2006). The Supreme Court in *Gonzales-Lopez* reversed a criminal conviction where the trial court erred in denying a defendant his choice of counsel. The Court explained that the right to select counsel of one's choice is not derived from the Sixth Amendment's purpose of ensuring a fair trial; [i]t has been regarded as the root of the meaning of the constitutional guarantee." *Id.* at 147-148 (citing *see Wheat v. United States*, 486 U.S. 153, 159 (1988)),[2] *cf. Powell v. Alabama,* 287 U.S. 45, 53 (1932),[3] (further citations omitted). "Where the right to be assisted by counsel of one's choice is wrongly denied, [], it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received." *Id.* at 148. "To argue otherwise is to confuse the right to counsel of choice—which is the right to a particular lawyer regardless of comparative effectiveness—with the right to effective counsel—which imposes a baseline requirement of competence on whatever lawyer is chosen or appointed." *Id.* at 148. In *Gonzales-Lopez*, "the Government conceded that the District Court erred [] when it denied respondent his choice of counsel," and this fact alone established the violation of the 6th Amendment right to counsel of choice. *Id.* at 152.[4]

Here, the Defendant expressly invoked his right to choice of counsel under the 6th Amendment by asking for "my attorney."

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 787) is GRANTED.

---

[2] An element of the 6th Amendment right to counsel is the right of a defendant who does not require appointed counsel to choose who will represent him. *Gonzalez-Lopez,* 548 U.S. at 159.

[3] "It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice."

[4] Choice of counsel is not absolute and is circumscribed for several reasons, including the ability to afford to hire counsel. *Gonzales-Lopez,* 548 U.S. at 144. None of these limitations are relevant here.

**IT IS FURTHER ORDERED** RECONSIDERING Order (Doc. 786) as follows: the Motion to Suppress for Sixth Amendment Violation (Doc. 763) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Reply (Doc. 789) is DENIED.

**IT IS FURTHER ORDERED** that as soon as possible the Defendant shall file any Response to the Government's Motions In Limine which were not previously responded to because of this Court's now reconsidered decision to suppress the interrogation, especially the Government's intention to introduce prior bad acts admitted by the Defendant during the interrogation.

Dated this 31st day of January, 2019.

_____
Honorable David C. Bury
United States District Judge