ERÉNDIRA CASTILLO, ESQ.
COUNSEL FOR DEFENDANT
AZ BAR NUMBER: 017963

LAW PRACTICE OF
ERÉNDIRA CASTILLO
POST OFFICE BOX 86644
TUCSON, ARIZONA 85754
erendira@erendiracastillolaw.com
Phone: 520.477.1925

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States of America, | CR11-00150-DCB-TUC-LCK |
|---|---|
| Plaintiff, | |
| vs. | Sentencing Memorandum |
| Heraclio Osorio-Arellanes (4), | |
| Defendant. | |

It is expected that excludable delay will not be caused by the filing of this motion pursuant to 18 U.S.C. §3161 et. seq..

Mr. Heraclio Osorio-Arellanes submits the foregoing memorandum in response to the government's sentencing memorandum filed December 27, 2019 and pro-forma objections for the purpose of preserving the defendant's appellate rights. The defendant's sentence is statutorily mandated. Defendant's personal history and characteristics and issues in mitigation will be addressed orally at sentencing.

Respectfully submitted:  January 2, 2020.

Counsel for Defendant,
s/ *Eréndira Castillo*
Eréndira Castillo,
A Law Practice, P.L.L.C.

*CERTIFICATE OF SERVICE:  I hereby certify that on the above date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:* David Lesher, Special Assistant United States Attorney.

# SENTENCING MEMORANDUM

## I. Factual Summary

Mr. Heraclio Osorio Arellanes was arrested by Mexican authorities in his home by in an action movie-like onslaught of force. He was taken in the presence of his wife and children and subsequently held hand-cuffed and blind folded for hours. Heraclio was held in a Mexican prison. An attorney was hired to represent him but when interrogated his attorney was not present, rather another attorney, unknown to Heraclio was present. Heraclio gave a statement consistent with the advice of that attorney, although this attorney was unknown to Heraclio. Counsel filed a motion to suppress this statement and in the end the statement was introduced into evidence.

Heraclio was subsequently extradited and brought to Arizona to face the Fifth Superseding Indictment on July 31, 2018 and the case proceeded to trial February 5, 2019. The jury found Heraclio guilty on all counts after five days of proceedings. Government counsel had previously presented the case at trial for Heraclio's co-defendants, Soto-Barraza and Portillo-Meza. Soto-Barraza was arrested in July 2014 and the case proceeded to trial in September 2015 with codefendant Portillo-Meza. After only seven months, counsel for Heraclio was required to go to trial, as such the investigator was the individual who reviewed disclosure and answered most of the defendant's questions. After trial, Heraclio requested new counsel prior to sentencing and counsel undersigned was appointed in August 2019. During this time, counsel has been attempted to familiarize herself with the complex and lengthy record in the case as well as educate Heraclio as to the legal proceedings because in retrospect he misunderstood various aspects of the proceedings and answer his questions. Heraclio has expressed frustration due to what he feels was an inability to adequately participate in the proceedings.

. . .

. . .

## II. Statutory Required Sentence and United States Sentencing Guidelines – Vacating Counts In Violation of Double Jeopardy Clause

The United States Sentencing Guidelines have been calculated. However, the U.S.S.G. will not necessarily determine the outcome because the sentence is mandated by statute: a life sentence is mandated for Count I, as is a consecutive sentence of ten years due to the 924(c) charge in Count 9.

The U.S.S.G. calculation groups counts wherein the decedent is the victim of Counts 2,4, and 5. However, due to the impact of the double jeopardy issues raised by the government grouping is not proper here and as such should be recalculated to vacate those counts. An "official victim" enhancement is added and Heraclio incorporates his codefendants objections and the government's response for purposes of preserving the issue on appeal. (Doc 619 and government's response as contained in the sentencing memorandum filed December 27, 2019, Doc 843).

As acknowledged in the government's sentencing memorandum these counts should be vacated as a violation of the double jeopardy clause as there is only one victim and to be punished separately for these counts violates the Fifth Amendment. *U.S. v. James*, 556 F.3d 1062, 1067-1068, (9th Cir. 2009). Counts 2 and 4 – second degree murder and robbery are lesser included offenses of felony murder and thus those convictions should be vacated as should Count 5. No further action to stay imposition of the sentence is authorized by law as jeopardy has attached and **one** punishment is authorized only for the greater offense. Counter to the argument of the government, the Ninth Circuit in *James* (*Id.*) made this clear:

> The Fifth Amendment's guarantee against double jeopardy prohibits federal courts from imposing multiple punishments for the same offense if not authorized by Congress to do so. *Whalen v. United States*, 445 U.S. 684, (1980); *see also Ball v. United States*, 470 U.S. 856, (1985) (**holding that if a jury returns a guilty verdict on multiple counts of the same offense the judge should only enter a final judgment of conviction on one of the offenses unless Congress clearly authorized multiple punishments**); *United States v. Jose,* 425 F.3d 1237, 1247 (9th Cir.2005) (same). We have previously stated that "a lesser included offense

... is the 'same' for purposes of double jeopardy as any greater offense in which it inheres." *Jose*, 425 F.3d at 1241.

Should there be different outcome due to reversal on appeal, the government cannot circumvent such review at this juncture by asking this Court to impose a sentence which would violate the double jeopardy clause.  "James's convictions for second degree murder and for robbery should be vacated because of his conviction for the greater offense of felony murder. *United States v. Jose,* 425 F.3d at 1241, 1247–48. The district court imposed concurrent sentences for these convictions, so eliminating the additional convictions will likely not have any practical effect, but James cannot properly be convicted of two murders when there was only one victim."

The government urges the court to impose a consecutive sentence to each other for Counts 6, 7, and 8 in addition to consecutive to Counts 1 and 3 for a total of Life plus 90 years.  Such a sentence violates 18 U.S.C. §3553(a)'s parsimony principle.  Life is life in federal prison. Thus, a sentence greater than life is not necessary to carry out the purposes of sentencing a set out by §3553(a) as a consecutive sentence of 120 months is mandated by statute thereby rendering any consecutive sentence for Counts 6,7,8 excessive and a violation of the 8th Amendment.

Respectfully submitted:  January 2, 2019.

Counsel for Defendant,
s/ *Eréndira Castillo*
Eréndira Castillo,
A Law Practice, P.L.L.C.

*CERTIFICATE OF SERVICE:  I hereby certify that on the above date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:* David Lesher, Special Assistant United States Attorney.