ADAM GORDON
United States Attorney
JOHN N. PARMLEY, CBN 178885
JOSEPH S. SMITH, CBN 200108
ANDREW Y. CHIANG, NYBN 4765012
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7957/8299/8756
Email: John.Parmley@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| United States of America, | Case No.:   11-cr-0150-TUC-DCB-BGM |
|---|---|
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| Heraclio Osorio-Arellanes, | |
| Defendant. | |

In December of 2010, the family of Border Patrol Agent Brian Terry learned the horrific news that their son and brother had been murdered.  Now, nearly fifteen and half years later, this court can bring finality to the case and help them obtain the closure that has remained out of reach while this case has been pending. Towards that end, the United States respectfully requests that the court accept the proposed plea agreement, follow the joint request of the parties, and sentence Defendant Heraclio Osorio-Arellanes to 354 months in custody.

In summary, Heraclio Osorio-Arellanes and others snuck across the border and patrolled the desert with assault rifles to rob marijuana smugglers. Border Patrol agents tried to arrest them. One or more of the robbery crew shot back, killing Agent Brian Terry. For his part in Terry's murder, as an armed member of that crew, Heraclio Osorio-Arellanes should be sentenced to 354 months of imprisonment.

Section 3553(a) requires "a sentence sufficient, but not greater than necessary," to reflect the seriousness of the crime, promote respect for the law, punish justly, deter crime, protect the public, and give Defendant needed training or treatment.  18 U.S.C. § 3553(a)(2). The statute enumerates factors that, in addition to the guidelines, must be considered in deciding the appropriate sentence: the type of crime, Defendant's background, the purposes of sentencing, the sentences available, avoiding unwarranted disparities, and any need for victim restitution. 18 U.S.C. § 3553(a).

**1.    Sentencing Guideline Calculation**

The initial step is an accurate calculation of the guideline range. *Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007); see *United States v. Mohamed*, 459 F.3d 979, 986-87 (9th Cir. 2006). The United States concurs with Probation's calculation of the guidelines. Heraclio Osorio-Arellanes pleaded guilty to second-degree murder as charged in count 2. The base offense level for that crime is 38. USSG § 2A1.2.

Six levels should be added under USSG § 3A1.2. The adjustment applies if the defendant "or a person for whose conduct the defendant is otherwise accountable" assaults a law enforcement officer during "the offense or immediate flight therefrom" in a way creating a substantial risk of serious bodily injury, "knowing or having reasonable cause to believe" the person was an officer. USSG § 3A1.2(c)(1). The evidence presented at prior trials showed that agents encountered an armed group of individuals in the middle of the desert and yelled "police" to them in Spanish, after which there was a shootout. One or more of the robbery crew shot at the agents, an assault with substantial risk of serious injury. The evidence further showed that Agent Terry died of a gunshot wound from a non-Border Patrol weapon. This firefight happened two days after that same group fled from Border Patrol agents in the same area.

Three levels should be deducted for acceptance of responsibility. Two levels should be deducted because Heraclio Osorio-Arellanes pleaded guilty and admitted what happened in his plea agreement. USSG § 3E1.1(a). The United States moves for an additional point for acceptance of responsibility under USSG § 3E1.1(b). This third level is appropriate, as the

2

admissible evidence in the case materially changed after the Ninth Circuit's decision to overturn the prior conviction. It took time for all parties to reassess the evidence and find a path forward. Defendant's decision to plead guilty in advance of the trial saved significant government resources. Therefore, the total offense level should be 41. Defendant is in criminal history category I.  The recommended sentencing range for a 41/I is 324-405 months in prison. USSG, Chap. 5, Part A. The proposed 354-month sentence is within that range.

**2.      Sentencing Factors Pursuant to 18 U.S.C. § 3553(a)**

After calculating the guidelines, the court considers the 18 U.S.C. § 3553(a) factors, including: the nature and circumstances of the offense, deterrence, protecting the public, defendant's history and characteristics, the seriousness of the offense, just punishment and avoiding unwarranted sentencing disparities.

Most of these factors are intertwined here. The nature of the offense, second degree murder, warrants a serious and lengthy sentence to deter others, protect the public, to reflect the seriousness of the conduct and to promote just punishment. This was an extremely serious offense. Agent Terry was murdered in the line of duty. Heraclio Osorio-Arellanes and his crew entered the United States illegally while armed with assault rifles with the intention of robbing drug traffickers. His group got into a gun fight with agents when the agents tried to arrest them. Afterwards, he evaded capture and remained free for years before eventually being apprehended in Mexico.

His background is one of an individual who grew up and lived in poor, rural Mexico. He was born and raised in a small town in Sinaloa, Mexico. He comes from a large, impoverished family and received a rudimentary education. He worked as a farmer growing corn and beans. See PSR, para. 59-65, 70-73. He lived in an adobe house that he built and has six children with three women. He was deported or removed from the United States on at least 7 occasions. His prior criminal record consists of a single misdemeanor DUI from 2006. See PSR, para. 51, 57.

The sentences for his co-conspirators are also guideposts, but less important. The statute's goal is national uniformity, not uniformity among co-defendants in the same case.

*United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007). Of the five from the robbery crew in the wash, two individuals, Ivan Soto-Barraza and Jesus Lionel Sanchez-Meza received life sentences. However, they denied guilt through trial and have never shown contrition. The proposed sentence of 354 months in custody is similar to the sentence of his brother, Manuel Osorio-Arellanes, who received 360 months in custody after entering a plea agreement. Jesus Rosario Favela-Astorga also entered a plea agreement which allowed the Judge to consider a range of 35-50 years in custody. He was sentenced to 50 years in prison.

Defendant has served nine years for this offense. He is currently 47 years old. Under the plea agreement, he would still have to serve another 16 years in prison, assuming he receives time off for good behavior. He will not taste freedom until he is 63 years old. A 354-month sentence is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public. 18 U.S.C. § 3553(a)(2).

The Terry family will have an opportunity for closure after enduring more than 15 years of protracted legal proceedings, multiple trials, a shocking appellate reversal, uncertain outcomes, on top of immeasurable anxiety, financial expense, and emotional anguish. One of Agent Terry's sisters described the expense and stress that would occur if the family had to fly from Michigan to Arizona for another trial. PSR, para. 33. She looks forward to the resolution of all court proceedings. *Id.* Agent Terry's mother, who described her children as "her entire world," recently had open heart surgery and is not permitted to travel. PSR, para. 34.

The United States respectfully requests that the Court accept the joint recommendation of the parties' plea agreement and adjudicate the case on the final remaining defendant.

**3. Conclusion**

This was an incredibly serious offense, warranting a serious sentence. The proposed plea agreement balances the seriousness of the offense with the defendant's acceptance of responsibility and the state of the evidence after the Ninth Circuit reversed the conviction. Defendant could have taken this case to trial, where the government would not have had the benefit of a confession. The United States could have still prevailed calling as witnesses others

4

involved in the charged crimes, using previously unadmitted cell tower evidence, and introducing other corroborating evidence, though that result is uncertain. At this point in time, Defendant has fully admitted his role, thereby obviating the need for yet another trial. This has spared Agent Terry's family from uncertainty and spared his fellow agents from having to go through the difficulty of testifying yet again about the horrific events of December 14, 2010.

A sentence of 354 months in custody for the murder of Agent Terry is a fair, just and equitable result, given the defendant's acceptance of responsibility, the state of the evidence, and the sentencing guidelines. Furthermore, that sentence will finally put this case to an end. Agent Terry's family and his fellow agents have lived with this case for almost fifteen and a half years. They will no longer have to worry about the next court date, the unpredictability of trial, or the appellate process. A sentence of 354 months brings finality and the chance for closure.

Additionally, in this case, the sentencing guidelines as calculated by probation, fairly and adequately balance the nature and circumstances of the crime, coupled with Defendant's history and background. A sentence of 354 months falls squarely within the range of 324-405 months.

Therefore, the United States respectfully requests the Court accept the plea agreement, follow the joint recommendation, and sentence Heraclio Osorio-Arellanes to 354 months in custody. Five years of supervised release is appropriate, although Defendant will likely be deported after finishing his sentence. The United States does not seek a fine. There has been no request for restitution and Defendant has already paid the $100 special assessment.

DATED: April 28, 2026

Respectfully submitted,

ADAM GORDON
United States Attorney
Southern District of California

/s/ John Parmley

JOHN PARMLEY
Special Attorney